IN THE COUNTY COURT IN AND FOR
DUVAL COUNTY, FLORIDA

DAVID BENT

            Plaintiff,

v.

SMITH, DEAN & ASSOCIATES, INC.,

and

GORDAN RAY SEVIGNY,

           Defendants.

_____/

CASE NO: 16-2010·CC-.-10588 X
DIVISION: F

3: 11-cv-66-J-20TEM

## COMPLAINT, JURY DEMAND AND WRITTEN DISCOVERY REQUESTS

DAVID BENT ("Plaintiff"), by and through undersigned counsel, hereby sues Defendants SMITH, DEAN & ASSOCIATES, INC., ("Smith, Dean & Associates") and GORDAN RAY SEVIGNY, ("Gordon Ray Sevigny") and alleges as follows:

1.      Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). Plaintiff also alleges a state law tort for intrusion upon seclusion.

## JURISDICTION AND VENUE

2.      Plaintiff is a natural person, and citizen of the state of Florida residing in Duval County, Florida.

3.      The amount in controversy does not exceed $15,000 exclusive of attorney's fees, costs, and interest.

## PARTIES

4.      Smith, Dean & Associates is a Florida corporation with its principal place of business located at 101 Century 21 Drive #107, Jacksonville, FL 32216.

5.      Gordon Ray Sevigny is a natural person and a citizen of Florida residing in Clay County who previously sold Cornwell tools to Plaintiff in Duval County.

6.      Smith, Dean & Associates uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

7.      Smith, Dean & Associates regularly collects or attempts to collect debts for other parties.

8.      Smith, Dean & Associates is a "debt collector" as defined in the FDCPA.

9.      Smith, Dean & Associates was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

10.     Smith, Dean & Associates performs debt collection of debts owed to Gordon Ray Sevigny for the benefit of Gordon Ray Sevigny.

11.     Smith, Dean & Associates acts as an agent on behalf Gordon Ray Sevigny for purposes of collecting debt for Gordon Ray Sevigny.

12.     On information and belief, via a contractual relationship between the parties, Gordon Ray Sevigny had control or the ability to control Smith, Dean & Associates' actions in attempting to collect debt on behalf of Gordon Ray Sevigny.

13.     Both Defendants regularly conduct business in the state of Florida.

## FACTUAL ALLEGATIONS

14.     Smith, Dean & Associates sought to collect an alleged debt arising from transactions incurred for personal, family or household purposes.

2

15.     The alleged debt was allegedly originally owed to Gordon Ray Sevigny.

16.     Agents, employees, or representatives of Smith, Dean & Associates made at least two calls in relation to this debt to Plaintiff.

17.     On at least one occasion, an agent, employee, or representative of Smith, Dean & Associates stated that the calls were made in relation to a debt owed to Cornwell Tools.

18.     On information and belief, the alleged debt was not owed to Cornwell Tools but was actually owed to Gordon Ray Sevigny.

19.     On multiple occasions, agents, employees, or representatives of Smith, Dean & Associates failed to properly identify itself as a debt collector.

20.     Based upon information and belief, Smith, Dean & Associates knew it was required to disclose its name, that it is a debt collector and the purpose of its communication to Plaintiff.

21.     On multiple occasions, agents, employees, or representatives of Smith, Dean & Associates threatened to have Plaintiff arrested.

22.     On multiple occasions, agents, employees, or representatives of Smith, Dean & Associates threatened to have multiple arrest warrants issued for Plaintiff

23.     On at least one occasion, an agent, employee or representative of Smith, Dean & Associates contacted Plaintiff's aunt, Nancy Perry.

24.     On at least one occasion, an agent, employee or representative of Smith, Dean & Associates disclosed information to third parties regarding Plaintiff's alleged debt without his permission.

25.     On at least one occasion, an agent, employee or representative of Smith, Dean & Associates told Plaintiff's Aunt that Plaintiff would be arrested for failure to pay an alleged debt.

3

26.    On at least one occasion, an agent, employee or representative of Smith, Dean & Associates contacted Plaintiff's employer.

27.    On at least one occasion, an agent, employee or representative of Smith, Dean & Associates disclosed information regarding the alleged debt to Plaintiff's employer without Plaintiff's permission.

28.    On at least one occasion, an agent, employee or representative of Smith, Dean & Associates told Plaintiff's employer that Plaintiff would be arrested in regards to the alleged debt.

29.    On at least one occasion, an agent employee or representative of Smith, Dean & Associates told Plaintiff's employer that Plaintiff would be arrested while at his place of employment if the debt was not satisfied.

30.    Plaintiff did not expressly consent to Smith, Dean & Associates' telephone calls to his cellular telephone.

31.    None of Smith, Dean & Associates' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

32.    Smith, Dean & Associates willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692

33.    Plaintiff incorporates Paragraphs 1 through 32.

34.    Smith, Dean & Associates placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and or that it is a debt collector and the purpose of Smith, Dean & Associates' communication in violation of 15 U.S.C. § 1692d(6).

4

35.     Smith, Dean & Associates placed telephone calls to Plaintiff at a time and place known to be inconvenient to Plaintiff in violation of 15 U.S.C. § 1692c(a)(1).

36.     Smith, Dean & Associates engaged in conduct the natural consequences of which were to harass, oppress, or abuse Plaintiff in violation of 15 U.S.C. § 1692d.

37.     Smith, Dean & Associates caused the telephone to ring and engaged Plaintiff in telephone conversations repeatedly in violation of 15 U.S.C. § 1692d(5).

38.     Smith, Dean & Associates made false, deceptive and misleading statements in connection with debt collection in violation of 15 U.S.C. § 1692e.

39.     Smith, Dean & Associates misrepresented the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2).

40.     Smith, Dean & Associates threatened to take action that cannot legally be taken or that it did not intend to take in violation of 15 U.S.C. § 1692e(5).

41.     Smith, Dean & Associates made false representations and engaged in deceptive practices to collect a debt or obtain information in violation of 15 U.S.C. § 1692e(10).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Smith, Dean & Associates and Gordon Ray Sevigny for:

a.     Damages;

b.     Attorney's fees, litigation expenses and costs of suit; and

c.     Such other or further relief as the Court deems proper.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION ON SECLUSION

42.     Plaintiff incorporates Paragraphs 1 through 32.

5

43.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to the invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

44.     Smith, Dean & Associates intentionally interfered with the solitude and seclusion of Plaintiff by repeatedly and unlawfully attempting to collect an alleged debt via repeated telephone calls placed by the use of illegal means and thereby invaded Plaintiff's privacy, seclusion and solitude.

45.     Smith, Dean & Associates intentionally caused harm to Plaintiff's emotional well being in offensive conduct in the course of collecting the alleged debt, and thereby invaded and intruded upon Plaintiff's right to privacy.

46.     Plaintiff has a reasonable expectation of privacy in maintaining Plaintiff's solitude, seclusion and private affairs.

47.     These intrusions and invasions against Plaintiff occurred in a way that is highly offensive to a reasonable person.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Smith, Dean & Associates and Gordon Ray Sevigny for:

a.      Damages;

b.      Such other or further relief as the Court deems proper.

6

## COUNT III
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### § 559.72 Fla. Stat.

48.     Plaintiff incorporates Paragraphs 1 through 32.

49.     Smith, Dean & Associates was attempting to collect a debt owed to Gordon Ray Sevigny for the benefit of Gordon Ray Sevigny.

50.     Smith, Dean & Associates willfully communicated with the Plaintiff with such frequency as can reasonably be expected to harass Plaintiff.

51.     On at least one occasion an agent, employee, or representative of Smith, Dean & Associates made comments intended to harass Plaintiff.

52.     Smith, Dean & Associates willfully engaged in conduct which can reasonably be expected to abuse or harass the Plaintiff.

53.     Smith, Dean & Associates failed on one or more occasions to provide adequate identification of herself or himself, or her or his employer, or other entity whom she or he represents when requested to do so by Plaintiff from whom she or he is collecting or attempting to collect a consumer debt.

54.     On one or more occasion Smith, Dean & Associates failed to disclose its name, that it is a debt collector and the purpose of its communications

55.     Smith, Dean & Associates placed telephone calls to Plaintiff's cellular telephone which Plaintiff had not consented to.

56.     Smith, Dean & Associates willfully engaged in such behavior in direct violation of Fla. Stat. § 559.72(9) and Fla. Stat. § 559.72 (7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Smith, Dean & Associates and Gordon Ray Sevigny for:

7

a.    Damages;

b.    Attorney's fees, litigation expenses and costs of suit; and

c.    Such other or further relief as the Court deems proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

BROMAGEN & RATHET, P.A.

JEREMY KESPOHL
Fla. Bar No. 0035979
Attorney for Plaintiff
135 2nd Avenue North, Suite One
Jacksonville Beach, FL  32250
(904) 242-0860  Telephone
(904) 242-0830  Facsimile
Jeremy.Kespohl@Bromagenlaw.com