IN THE COUNTY COURT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 16-2010-CC-10588
DIVISION: F

DAVID BENT,
    Plaintiff,
v.
SMITH, DEAN & ASSOCIATES, INC.,
and
GORDON RAY SEVIGNY,
    Defendants.

3:11-cv-66-J-20TEM

_____

GORDON RAY SEVIGNY,
    Cross-Plaintiff,
v.
SMITH, DEAN & ASSOCIATES, INC.,
    Cross-Defendant.
_____/

## DEFENDANT GORDON RAY SEVIGNY'S CROSSCLAIM AGAINST DEFENDANT SMITH, DEAN & ASSOCIATES, INC. AND DEMAND FOR JURY TRIAL

Defendant/Cross-Plaintiff GORDON RAY SEVIGNY ("Defendant/Cross-Plaintiff"), by and through the undersigned counsel, hereby sues Defendant/Cross-Defendant SMITH, DEAN & ASSOCIATES, INC. ("Smith, Dean & Associates"), and alleges as follows:

1. Defendant/Cross-Plaintiff is a natural person, and citizen of the state of Florida.

2. The amount in controversy does not exceed $15,000 exclusive of attorney's fees, costs, and interests.

3. Smith, Dean & Associates is a Florida corporation with its principal place of business located at 101 Century 21 Drive # 107, Jacksonville, Florida 32216.

4. The Plaintiff filed a Complaint on or about November 2, 2010, alleging damages arising as a result of alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). Said Complaint, for purposes of its allegations only, is incorporated by reference herein as though fully set forth at length.

5. On or about December 6, 2010, Defendant/Cross-Plaintiff was served with the Complaint.

## COUNT I – BREACH OF CONTRACT

6. Plaintiff incorporates by reference paragraphs 1 through 5 of this Crossclaim and Demand for Jury Trial.

7. On or around September or October 2009, Defendant/Cross-Plaintiff and Smith, Dean & Associates entered into a contract whereby Smith, Dean & Associates agreed to provide debt collection services to Defendant/Cross-Plaintiff. A copy of the contract is attached as Exhibit A.

8. After Defendant/Cross-Plaintiff was served with the Complaint, Defendant/Cross-Plaintiff tried repeatedly to contact Smith, Dean & Associates regarding the Complaint. Smith, Dean & Associates has failed to respond to Defendant/Cross-Plaintiff.

9. The contract entered into between Defendant/Cross-Plaintiff and Smith, Dean & Associates provided that Smith, Dean & Associates would hold the Defendant/Cross-Plaintiff harmless of any claims arising out of the debt collection services provided by Smith, Dean & Associates.

10. The Defendant/Cross-Plaintiff has performed all of the terms and conditions of the contract and has done so in the manner specified by the contract.

11. Smith, Dean & Associates has failed to perform the terms and conditions of the contract.

12. Smith, Dean & Associates' breach of the contract is a material breach that goes to the essence of the contract in that Smith, Dean & Associates has failed to indemnify and hold harmless Defendant/Cross-Plaintiff in the defense of the Complaint.

13. By reason of the breach of contract, Defendant/Cross-Plaintiff is incurring and has incurred attorney's fees, court costs and other costs in connection with the Complaint and Crossclaim, the exact amount of which is unknown at this time. When the same has been ascertained, the Defendant/Cross-Plaintiff will seek leave of Court to amend this Crossclaim to set forth the true nature and amount of said costs and expenses.

14. By reason of the breach of contract, Defendant/Cross-Plaintiff may also incur damages as a

result of any judgment against Defendant/Cross-Plaintiff as a result of the Complaint and may incur damages as a result of any settlement or compromise entered into by Defendant/Cross-Plaintiff as a result of the Complaint.

15. Pursuant to the provisions of the contract, Smith, Dean & Associates has agreed to hold Defendant/Cross-Plaintiff harmless of any claims and as such, has agreed to pay any and all damages and attorney's fees and costs incurred by Defendant/Cross-Plaintiff as a result of the Complaint and Crossclaim.

## COUNT II – INDEMNIFICATION

16. Plaintiff incorporates by reference paragraphs 1 through 5 of this Crossclaim and Demand for Jury Trial.

17. In the contract entered into between Defendant/Cross-Plaintiff and Smith, Dean & Associates; Smith, Dean & Associates agreed to indemnify and hold harmless Defendant/Cross-Plaintiff any claim against Defendant/Cross-Plaintiff arising out of the debt collection services provided by Smith, Dean & Associates.

18. Defendant/Cross-Plaintiff is incurring and has incurred attorney's fees, court costs and other costs in connection with defending the Complaint, the exact amount of which is unknown at this time. When the same has been ascertained, the Defendant/Cross-Plaintiff will seek leave of Court to amend this Crossclaim to set forth the true nature and amount of said costs and expenses.

19. If Defendant/Cross-Plaintiff is held liable and responsible to Plaintiff for damages as alleged in the Complaint, it will be solely due to the conduct of Smith, Dean & Associates as herein alleged. Therefore, Defendant/Cross-Plaintiff is entitled to be indemnified by Smith, Dean & Associates. Further, Smith, Dean & Associates have expressly agreed to indemnify Defendant/Cross-Plaintiff.

20. Defendant/Cross-Plaintiff is entitled to complete indemnification by Smith, Dean & Associates, for any sum or sums for which both Defendants may be adjudicated liable to Plaintiff, with costs of defense, costs of suit, and reasonable attorney's fees incurred therefrom.

WHEREFORE Defendant/Cross-Plaintiff requests a jury trial on all issues so triable and requests this Court enter a judgment in favor of Defendant/Cross-Plaintiff against Smith, Dean & Associates for:

    A.    An order of this Court that the Defendant/Cross-Plaintiff is entitled to be fully indemnified by Smith, Dean & Associates for any and all settlements or compromises and/or judgments entered into by Defendant/Cross-Plaintiff as a result of this action;

    B.    Damages incurred by Defendant/Cross-Plaintiff as a result of Smith, Dean & Associates' breach of contract;

    C.    Attorney's fees, litigation expenses and costs of suit; and

    D.    Such other or further relief as the Court deems proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to: Jeremy Kespohl, Esquire, BROMAGEN & RATHET, P.A., Attorney for Plaintiff, 135 2nd Avenue North, Suite One, Jacksonville Beach, Florida 32250, and via service of process upon Smith, Dean & Associates, Defendant/Cross-Defendant, this 4th day of January, 2011.

_____
Michael Ross Cleaveland, Esquire
Florida Bar Number 166448
Anna S. Abbott, Esquire
Florida Bar Number 55309
1309-105 St. Johns Bluff Road North
Jacksonville, Florida 32225
Telephone: (904) 642-2040
Facsimile: (904) 642-2041
Attorneys for Defendant Sevigny

# SMITH, DEAN & ASSOCIATES COLLECTION SERVICES AGREEMENT

## TERMS AND CONDITIONS

1. It shall be the intent of the Creditor / Client to retain the services of Smith, Dean & Assoc for the purpose of providing debt collection services. In the interest and spirit of maintaining the highest level of ethical and professional standards the parties agree to conduct themselves in accordance with the FDCPA, *Fair Debt Collection Practices Act*, and FCRA: *Fair Credit Reporting Act*. In addition all collection activity shall be conducted in accordance with the *Code of Conduct* of the ACA, American Collectors Association. **Client will be held harmless of any claims.**
2. By placing a claim for collection, Creditor / Client grants to Smith, Dean & Assoc. full discretion and authority to proceed with all collection efforts it deems necessary including the referral of claim(s) to attorneys for the filing of suit, obtaining of judgments, and post judgment enforcement. *A Lawsuit will only be initiated at the direction of Creditor / Client.*
3. Smith, Dean & Assoc. is granted absolute discretion and authority to act as it deems appropriate in the collection of claim(s) and is authorized to accept partial payments. Further Smith Dean & Assoc. shall have the right to endorse for deposit and collection any checks payable to the Creditor / Client. The compromise or settlement of any claim(s) will not be made without the consent of the Creditor / Client.
4. Claim(s) forwarded to outside counsel for legal action: Knowing that time is of the essence, and delays in filing suits can compromise the collection of any claim(s),Smith , Dean & Assoc. is authorized to advance payments for court costs, attorney's fees, skip tracing, due diligence, and all other costs associated with the obtaining and enforcement of judgements. All costs for legal actions shall be and remain the responsibility of the Creditor / Client. Advances made on behalf of the Creditor / Client will be itemized and accounted for and will be deducted from the first payments made by the debtor unless previously paid by the Creditor / Client.
5. Acting in accordance with the FDCPA, all communication with the debtor(s) will be conducted by and through the offices of Smith , Dean & Assoc *Therefore Creditor / Client agrees to cease all communication with the debtor(s) or to have the claim handled by any other institution, collection agent, or representative.* Creditor / Client agrees to inform Smith , Dean & Assoc. immediately as to the nature and content of all contacts which debtor(s) makes or attempts to make directly with the Creditor / Client as well as all other matters of importance or that are germane to the collection of the claim(s). Claim(s) that are compromised by the Creditor / Client and or settled directly with the debtor are subject to fees. Any claim(s) paid directly by the debtor(s) to the Creditor / Client shall be subject to fees as well.
6. In the event claim(s) are withdrawn or the services of Smith , Dean & Assoc. are terminated without cause, it is agreed Smith ,Dean & Assoc. shall be entitled to fees on such claim(s), and be reimbursed and recover from Creditor / Client any advanced court cost, attorney fees, and due diligence expenses incurred on behalf of the Creditor / Client. Once legal Proceedings have been initiated, whether pre or post

EXHIBIT A

judgement the withdrawal or cancellation of the claim(s) is only permissible after all fees, court costs, and due diligence expenses have been paid.

7. Schedule of Fees: Contingent upon Collections:

   Monthly Rate          35%

8. The payment procedure states that client will receive payment for the accounts collected on the next following month. For example, June collections up to the 30th shall be reflected on the payment going out on or before the 25th of July.

Legal/Charges vary state to state: Court cost and attorney fees will be presented separately.

Date: _____

Client Company Name: _____

Client Company Address: _____

Client Contact: _____

Client Signature: _____

Fee Schedule: _____

Date: _____

Agency Name: _____

Agent Name: _____

Agent Signature: _____