**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DAVID BENT, an individual,

    Plaintiff,

vs.                                                              CASE NO. 3:11-cv-66-J-TEM

SMITH, DEAN & ASSOCIATES, INC.,
and GORDON RAY SEVIGNY,

    Defendants,

GORDON RAY SEVIGNY,

    Cross-Plaintiff,

vs.

SMITH, DEAN & ASSOCIATES, INC.,

    Cross-Defendant.

_____/

**O R D E R**

This matter is before the Court on Defendant Gordan Ray Sevigny's amended motion to dismiss Plaintiff's complaint (Doc. #18; *see also* Doc. #2, Complaint) and Defendant Smith, Dean & Associates, Inc.'s amended motion to dismiss the counterclaim filed by Mr. Sevigny (Doc. #14, Motion to Dismiss Counterclaim). For the reasons stated herein, Mr. Sevigny's amended motion to dismiss Plaintiff's complaint (Doc. #18) will be **GRANTED in part and DENIED in part**, and Smith, Dean & Associates, Inc.'s amended motion to dismiss the counterclaim filed by Mr. Sevigny (Doc. #14) will be **DENIED**.

**I. Background**

Count I of Plaintiff's Complaint alleges Defendants Smith, Dean & Associates, Inc. ("SD&A") and Gordon Ray Sevigny ("Sevigny") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Doc. #2 at 4-5).  Count II of the Complaint asserts a state tort law claim against Sevigny and SD&A for invasion of privacy (Doc. #2 at 5-6).  Count III of the Complaint asserts a claim against Sevigny and SD&A pursuant to the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.* (Doc. #2 at 7-8).

More particularly, Plaintiff alleges Sevigny, in an effort to collect an alleged debt, retained the services of the debt collector SD&A (Doc. #2 at 2).  In connection with the collection of the alleged debt, Plaintiff contends SD&A violated the FDCPA, the FCCPA, and invaded Plaintiff's privacy (Doc. #2).  Plaintiff asserts the contractual relationship existing between SD&A and Sevigny establishes an agency relationship which subjects them both to liability for the alleged violations (Doc. #2 at 2).

Plaintiff claims SD&A misrepresented itself as a debt collector for a company named "Cornwell Tools" rather than for Sevigny (who apparently sold a quantity of Cornwell Quality Tools to Plaintiff) (Doc. #2 at 2).  Additionally, Plaintiff alleges, *inter alia*, that SD&A: (1) failed to identify itself as a debt collector; (2) threatened issuance of multiple arrest warrants; (3) threatened to have Plaintiff arrested; (4) contacted Plaintiff's aunt, informing her that Plaintiff would be arrested if the subject debt was not paid; and (5) disclosed information regarding the debt to third persons without Plaintiff's consent (Doc. #2 at 2). Plaintiff further alleges that SD&A contacted Plaintiff's employer, advising the employer that

Plaintiff would be arrested in connection with the alleged debt, and that the arrest would take place at the employer's place of business (Doc. #2 at 2-3).

Lastly, Plaintiff alleges SD&A intentionally interfered with Plaintiff's solitude and seclusion by repeatedly and unlawfully attempting to collect an alleged debt *via* telephone calls (Doc. #2 at 6). Plaintiff asserts the repeated calls caused harm to Plaintiff's emotional well-being and invaded Plaintiff's privacy in a way that would be highly offensive to a reasonable person (Doc. #2 at 6).

SD&A denies the purported violations, *supra* (*see* Doc. #3). Sevigny claims no agency relationship exists between SD&A and himself, asserting SD&A is an independent contractor and, therefore, he is not liable for any misconduct on the part of SD&A (Doc. #18 at 2). Sevigny also claims SD&A's contract for services absolved him of any liability and that, pursuant to the same, SD&A is responsible for any of his incurred attorneys' fees (Doc. #8 at 2).

## II. Procedural History

After initial filing in state court, this matter was removed to federal court on January 21, 2011(Doc. #1). Subsequent to the removal from state court, Plaintiff's complaint (Doc. #2), SD&A's answer (Doc. #3), and several motions (Docs. #4 through #6) were filed.[1] On February 7, 2011, the District Court denied the motions, *supra* n. 1, without prejudice (Doc. #16).

---

[1] These motions were a motion for entry of clerk's default against Sevigny (Doc. #4), a motion to strike SD&A's answer and motion for entry of clerk's default against SD&A (Doc. #5), and a motion to dismiss the complaint by Sevigny (Doc. #6).

Sevigny's Crossclaim against SD&A was filed on January 21, 2011 (Doc. #8). On February 3, 2011, SD&A filed an amended answer to Plaintiff's complaint (Doc. #11) and on February 4, 2011, SD&A filed an amended motion to dismiss Sevigny's crossclaim (Doc. #14). On February 14, 2011, Sevigny filed a response to SD&A's motion to dismiss the crossclaim (Doc. #17). Sevigny also filed an amended motion to dismiss Plaintiff's complaint on the same date (Doc. #18). Following consent of the parties, on March 29, 2011, the District Court entered an order approving consent to the jurisdiction of the undersigned, a United States Magistrate Judge (Doc. #23). On June 30, 2011, a status conference was held before the undersigned (Doc. #28, Minutes). Although the Court did not hear oral argument with respect to the pending motions, as will be discussed more comprehensively below, the Court clarified various matters related to the motions.[2]

### III. Discussion

**A.      Preliminary Matters**

Plaintiff never filed a response to Sevigny's amended motion to dismiss Plaintiff's complaint (Doc. #18). As the allegations in both Sevigny's motions to dismiss (Docs. #6 and #18) are similar, the Court will allow the original response (Doc. #7) to stand as a response to the amended motion to dismiss (Doc. #18).[3]

---

[2] The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

[3] At the status conference, the Court informed Plaintiff that a response to the amended motion to dismiss (Doc. #18) had not been filed. The Court provided Plaintiff until July 8, 2011 within which to file such a response (Doc. #28). The Court additionally advised Plaintiff that, if no additional response was filed, the Court would rely on the previously filed response (Doc. #7; see Doc. #28). Although the time for doing so has expired, a response was never filed.

4

**B.     Defendant Sevigny's Motion to Dismiss Plaintiff's Complaint**

Defendant Sevigny claims the alleged violations of the FDCPA, FCCPA, and Plaintiff's right to privacy were actions taken by Defendant SD&A, and that Plaintiff's assertion that Sevigny is vicariously liable is misplaced and improper (Doc. #18 at 2). Sevigny maintains SD&A is an independently contracted debt collector and is, therefore, not his agent for purposes of vicarious liability (Doc. #18 at 2).

Pursuant to the Fair Debt Collection Practices Act, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts . . . ."  15 U.S.C. § 1692a(6).  In contrast, a "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed . . . ."  15 U.S.C. § 1692a(4).  The FDCPA generally excludes "creditors" and, except for a narrow exception[4] not applicable to the case at bar, only "debt collectors" are subject to the Act.  *Russell-Allgood v. Resurgent Capital Servs., L.P.*, 515 F. Supp. 2d 1307, 1310-11 (N.D. Ga. 2007) (*citing Catencamp v. Cendant Timeshare Resort Group-Consumer Fin., Inc.*, 471 F.3d 780, 781 (7th Cir. 2006)); *see also* 15 U.S.C. § 1692a(6), 1692e, 1692k(a).

Courts have specifically held that an entity (or individual) which does not meet the definition of "debt collector" cannot be held vicariously liable for unlawful collection actions taken on its behalf by an entity which is a debt collector.  *See Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996).  In *Wadlington*, the Sixth Circuit

---

[4] A debt collector "includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicated that a third person is collecting or attempting to collect such debts."  15 U.S.C. § 1692a(6).

concluded "*Section 1692k* imposes liability only on a '*debt collector* who fails to comply with [a] provision of this subchapter . . . .' The plaintiffs would have us impose liability on non-debt collectors too. This we decline to do." *Id.* (*emphasis in original*) (*citation omitted*).

Plaintiff's reliance on a string of cases holding **debt collectors** vicariously liable for the collection practices of either attorneys or other third parties is misplaced (*see* Doc. #7 at 2). For instance, in *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 875-76 (N.D. Ill. 2006), the court noted that "a company meeting the definition of a 'debt collector' may be held vicariously liable for the actions of a second company acting on its behalf." *Id.* (*citing Pollice v. National Tax Funding, L.P.*, 225 F. 3d 379 (3rd Cir. 2000)).

In this instance, there are no factual allegations in the complaint to support that Sevigny is a "debt collector" (rather than a "creditor") (*see* Doc. #2), or that he meets the narrow exception for creditor liability. *See* 15 U.S.C. §1692a(6). Therefore, even accepting Plaintiff's allegations as true, the Complaint fails to state a claim for relief against Sevigny pursuant to the FDCPA. Accordingly, Sevigny's motion to dismiss Count I of the Complaint is granted.

Under Florida law, a principal may be held liable for the acts of its agent that are within the course and scope of the agency. *Roessler v. Novak*, 858 So. 2d 1158, 1161 (Fla. 2nd DCA 2003). Although some agencies are based upon an express agreement, a principal may be liable to a third party for acts of its agent which are within the agent's apparent authority. *Id.* Vicarious liability for the actions of an independent contractor requires a showing of actual or apparent authority. *See Whetstone Candy Co., Inc. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1077 (11th Cir. 2003). A showing of actual authority requires:

(1) the principal to acknowledge that the agent will act for it; (2) the agent to manifest an acceptance of the undertaking; and (3) control by the principal over the actions of the agent. *Id.* Apparent authority is authority which a principal knowingly tolerates or permits, or which the principal by its actions or words holds the agent out as possessing. *Roessler*, 858 So. 2d at 1161.

Count II of the Complaint asserts a state tort law claim for invasion of privacy (Doc. #2 at 5-6). Count III is a claim for violation of the Florida Consumer Collection Practices Act (Doc. #2 at 7-8). The FCCPA "is different than its federal counterpart [the FDCPA] because it is not limited to debt collectors." *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809, 812 n. 1 (Fla. 4th DCA 2002).

Here, Plaintiff alleges that "*via* a contractual relationship between the parties [*i.e.*, Sevigny and SD&A], Gordon Ray Sevigny had control or the ability to control Smith, Dean & Associates' actions in attempting to collect debt on behalf of Gordon Ray Sevigny" (Doc. #2 at 2, ¶ 12). It should be noted, however, that the purported contract (Doc. #8 at 5-6) does not appear to grant Sevigny any control over the collection efforts of SD&A, as it provides that Sevigny granted SD&A "full discretion and authority to act as it deems appropriate in the collection" of the alleged debt (Doc. #8 at 5). Questions of agency relationships, however, are generally reserved for the trier of fact. *Villazon v. Prudential Health Care Plan*, 843 So. 2d 842, 853 (Fla. 2003). In addition, the purported contract contained within the record is not signed (Doc. #8 at 6). The undersigned does not intend to convert the instant motion to dismiss into a motion for summary judgment without review of a signed contract. Therefore, the facts alleged in the complaint must be accepted as

true.  Consequently, as Plaintiff has asserted an agency relationship between Sevigny and SD&A, Sevigny's motion to dismiss Counts II and III will be denied.

### C.  Defendant SD&A's Motion to Dismiss Crossclaim

Defendant SD&A claims that Sevigny's crossclaim (Doc. #8) does not allege sufficient facts to support a plausible claim for breach of contract and indemnification (Doc. #14 at 2-3).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged."  *Id.* (*quoting Twombly*, 550 U.S. at 556).

SD&A maintains the crossclaim should be dismissed because Sevigny's supporting evidence (an unexecuted SD&A contract) is insufficient to form the basis of the claim(s) against it (Doc. #8 at 5-6).  SD&A fails to mention, however, that the unsigned contract was provided to Sevigny by SD&A.[5]  SD&A's contention that an unexecuted contract is insufficient to maintain an action necessarily fails until Sevigny has the opportunity to obtain a copy of the executed contract.  Therefore, SD&A's motion to dismiss Sevigny's cross-claim will be denied.

---

[5] Sevigny states that he has requested a copy of the executed contract after learning this litigation had been initiated; however, SD&A supposedly only provided him a copy of the unexecuted agreement that Sevigny attached to the crossclaim (Doc. #17 at 2; *see also* Doc. #8 at 5-6).  Sevigny maintains that he has requested a copy of the executed contract by way of discovery (Doc. #17 at 2).

## IV. Conclusion

Based on the foregoing, it is hereby **ORDERED**:

1.  Defendant Gordan Ray Sevigny's amended motion to dismiss Plaintiff's complaint (Doc. #18) is **GRANTED in part and DENIED in part.**

2.  Count I of Plaintiff's Complaint, as it relates to Mr. Gordan Ray Sevigny, is dismissed.

3.  Smith, Dean & Associates, Inc.'s amended motion to dismiss the counterclaim filed by Mr. Sevigny (Doc. #14) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of July, 2011.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge