**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DAVID BENT,

      Plaintiff,

vs.                                 CASE NO. 3:11-cv-66-J-TEM

SMITH, DEAN & ASSOCIATES, INC.,
and LISA SMITH,

      Defendants.
_____

# O R D E R

This case is before the Court on *pro se* Defendant Lisa Smith's Motion to Set Aside Default Judgment (Doc. #54). Because default judgment has not been rendered against Defendant Smith, the Court construes her motion as a motion to set aside the default entered against her by the Clerk on February 7, 2012. (*See* Doc. #50). Plaintiff David Bent has filed a Motion for Default Judgment against Defendant Smith (Doc. #52), and that motion is also before the Court.

Rule 55(c), Fed. R. Civ. P., provides for an entry of default to be set aside upon a showing of good cause. The good cause standard used in setting aside an entry of default is less rigorous than the excusable neglect standard used in setting aside a default judgment. *Equal Employment Opportunity Comm'n v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). The Court has discretion in deciding whether to set aside an entry of default. *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984).

The good cause standard in Rule 55(c) is not rigidly defined and varies from situation to situation. *Compania Interamericana Export–Import, S.A. v. Compania*

*Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996); *Heaton v. Bonacker & Leigh*, 173 F.R.D. 533, 535 (M.D. Ala. 1997).  The Eleventh Circuit has recognized that good cause is not susceptible to a precise formula, but some general guidelines are commonly applied.  *Compania Interamericana*, 88 F.3d at 951.  "Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense."  *Id.*  Courts have held that a good faith procedural error is not willful and is good cause for setting aside an entry of default.  *See, e.g.*, *In re Johnson*, 1991 WL 11002465, Case Nos. 90–11663, 91–1068 (Bankr. S.D. Ga. Nov. 11, 1991) (finding good cause where counsel for defendant was under an erroneous impression as to when the response time began to run).

Judgments by default are generally not favored and any doubt should be resolved in favor of permitting a hearing on the merits.  *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 236 (M.D. Fla. 1993), *citing Rasmussen v. W.E. Hutton & Co.*, 152 F.R.D. 231, 233 (N.D. Ga. 1975), *citing McGrady v. D'Andrea Elec., Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970).[1] "[D]efault judgments should only be entered if exceptional circumstances exist."  *Kiera v. United States Postal Service*, 145 Fed. Appx. 637, 638 n.3 (11th Cir. 2005),[2] *citing Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002).

---

[1] Decisions of the Fifth Circuit rendered on or before September 30, 1981 are binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

[2] Unpublished opinions may be cited throughout this Order as persuasive on a particular point.  The Court does not rely on unpublished opinions as precedent.  Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32. 1, Fed. R. App. P.  Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

In the instant case, Plaintiff filed his First Amended Complaint adding Lisa Smith as a party Defendant on November 1, 2011.  (Doc. #45).  Plaintiff filed a verified return of service as to Defendant Smith on January 6, 2012.  (Doc. #46).  Plaintiff then moved for entry of default by the Clerk against Defendant Smith on February 6, 2012.  (Doc. #49).  The Clerk defaulted Defendant Smith on February 7, 2012, and Plaintiff filed a certificate of service of the default on February 8, 2012.  (Docs. #50, 51).   On March 2, 2012, Defendant Smith moved to set aside the default on grounds of improper service and lack of personal liability for the actions of her corporation, Defendant Smith, Dean & Associates.[3] (Doc. #54).  Plaintiff opposed Defendant Smith's motion on March 5, 2012.  (Doc. #55).  Plaintiff had already filed a motion for default judgment against Defendant Smith on February 13, 2012.  (Doc. #52).

Under the facts in this matter, the Court finds good cause to set aside the Clerk's default entered on February 7, 2012.  First, there is insufficient evidence that the default was culpable or willful.  Less than one month after being defaulted, Defendant Smith moved to set aside the default because of, *inter alia*, improper service.  The Court need not decide at this time whether service was proper, as Defendant Smith may raise that defense in her answer or in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5).  Second, there is no evidence that Plaintiff will suffer prejudice.   Although Plaintiff has experienced delay because of the default, Plaintiff can now proceed to litigate the case.  The Third Circuit has noted that a plaintiff's need to litigate its case on the merits, rather than proceed by default, does not establish prejudice.  *See Choice Hotels Int'l, Inc. v. Pennave Assoc., Inc.*, 192

---

[3] This case is currently stayed as to Defendant Smith, Dean & Associates because of its pending bankruptcy proceedings.  (*See* Doc. #48).

F.R.D. 171, 174 (3$^d$ Cir. 2000).  The Eleventh Circuit has echoed this same sentiment in dicta.  *See Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009) (*citing Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) for the proposition that "[t]here is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case").  Thus, the Court finds that the default against Defendant Smith should be set aside.

Thus, having reviewed this case, and upon due consideration, it is hereby **ORDERED**:

1.     Defendant Lisa Smith's Motion (Doc. #54) is **GRANTED,** and the Clerk is directed to set aside the entry of default (Doc. #50).

2.     Defendant Smith shall file an answer or other response to the First Amended Complaint no later than May 9, 2012.

3.     Plaintiff's Motion for Default Judgment against Defendant Smith (Doc. #52) is **DENIED** as **MOOT**.

**DONE AND ORDERED** at Jacksonville, Florida this   17th   day of April, 2012.

*Thomas E. Morris*

**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record and *pro se* defendant