UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID BENT,

    Plaintiff,

vs.                                          CASE NO.  3:11-cv-66-J-TEM

SMITH, DEAN & ASSOCIATES, INC.,
and LISA SMITH,

    Defendants.
_____

## O R D E R

This case is before the Court *sua sponte*.  Plaintiff, through counsel, initiated this lawsuit pursuant to the Fair Debt Collection Practices Act ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), and the Telephone Consumer Protection Act ("TCPA") by filing a Complaint (Doc. 2) in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. This case was removed from the state court on January 21, 2011.

The parties filed a Case Management Report on March 18, 2011 (Doc. 22), and a Case Management and Scheduling Order was entered on July 15, 2011 (Doc. 30).  On October 17, 2011, Defendant Smith, Dean & Associates, Inc. filed a Suggestion of Bankruptcy (Doc. 38).  Defendant Smith, Dean & Associates, Inc. advised the Court that it filed a voluntary petition for relief under Chapter 11, Title 11, of the United States Code with the United States Bankruptcy Court for the Middle District of Florida, case number 3:11-bk-07453.  On January 19, 2012, the Court stayed and administratively closed the

case as to Defendant Smith, Dean & Associates, Inc. (Doc. 48). The parties were ordered to advise the Court every 90 days of the status of the bankruptcy proceedings.[1]

On September 6, 2012, Counsel for Plaintiff informed the Court that the Smith, Dean & Associates, Inc. bankruptcy had been converted from a Chapter 11 to Chapter 7 due to Defendant Lisa Smith's illness (Doc. 62). Counsel stated he was in the process of informing Plaintiff and would thereafter advise the Court of how Plaintiff plans to proceed in this action. However, a status report was never filed. On November 19, 2012, the Court issued an Order directing Plaintiff to file a status report by December 3, 2012 advising the Court of the status of the matter and how Plaintiff intends to proceed (Doc. 64). Plaintiff did not file a status report and failed to comply with the Court's Order. Thus, the Court ordered Plaintiff to show cause by December 28, 2012 why this matter should not be dismissed for Plaintiff's failure to comply with a court order and failure to prosecute this action (Doc. 65). Plaintiff failed to respond to the Order to Show Cause. Thereafter, on June 10, 2013, the Court issued a second Order to Show Cause. The Court noted the parties in the case have failed to comply with several of the Court's Orders, including failing to file status reports as directed. The Court provided Plaintiff one last opportunity to show cause for the failure to comply with Court orders and to prosecute this action (Doc. 66). The Court directed Plaintiff to respond by June 24, 2013, and warned that failure to comply "shall result in dismissal of this action." Plaintiff failed to respond to the Court's Order.

Dismissal with prejudice should only be ordered in extreme circumstances as a "sanction of last resort." *McIntosh v. Gauthier*, 182 Fed. Appx. 884, 886 (11th Cir. 2006)

---

[1] The Court had also previously ordered Defendant Smith, Dean & Associates, Inc. to obtain counsel no later than November 21, 2011 (Doc. 42), which Defendant failed to do.

(citing *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)).  A court should consider the record as a whole and determine "whether there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice."  *Goforth*, 766 F.2d at 1535 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).  The case before the Court presents circumstances that justify the sanction of dismissal with prejudice.  The Court cannot find that a lesser sanction is warranted here.  Plaintiff has not taken any action in this matter in more than nine months, and review of the docket sheet for the United States Bankruptcy Court for the Middle District of Florida reveals the bankruptcy case was closed on January 18, 2013.  *See In re Smith, Dean & Associates, Inc.*, 3:11-bk-7453-PMG (M.D. Fla. Jan. 18, 2013), ECF No. 75.  The Court finds Plaintiff has shown disregard for the Court's orders in this litigation, the Federal Rules of Civil Procedure, and the Local Rules of the Middle District of Florida.  Plaintiff has been afforded ample opportunity to comply with orders of this Court.  Plaintiff has failed to show cause, despite having two opportunities to do so.  The failure of Plaintiff to participate in the prosecution of this case, combined with the failure to respond to direct Court orders, is found to be a clear record of willful delay, contempt and disobedience.  *See Sussman v. Salem, Saxon & Nielson, P.A.*, 154 F.R.D. 294, 299-301 (M.D. Fla. 1994).  Therefore, pursuant to Rule 41(b), dismissal of this action is appropriate. *See Brown v. Tallahassee Police Dept.*, 205 Fed. Appx. 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order. . . . Dismissal pursuant to Rule 41(b) upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (internal citations and quotations omitted); see also Local Rule 3.10(a) (stating "[w]henever it appears that any case is not

being diligently prosecuted" and the plaintiff fails to satisfactorily respond to an order to show cause, the Court may, on its own or on motion of any party, dismiss the case for lack of prosecution).

Accordingly, it is hereby **ORDERED**:

1. This case is **DISMISSED with prejudice** for failure to prosecute.

2. The Clerk of the Court is directed to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of July, 2013.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record
 and *pro se* parties